IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 10-cv-00226-LTB

WILLIAM G. MITCHELL,

        Plaintiff,
v.

HOV SERVICES, INC, and
BAY AREA CREDIT SERVICES, LLC. ,

        Defendants.
_____

ORDER
_____

This matter is before me on a Motion to Dismiss [**Doc # 7**] filed by Defendant HOV Services, Inc. ("HOV"), seeking dismissal of the claims asserted against it by Plaintiff, William G. Mitchell. Oral arguments would not materially assist me in the determination of this motion. After consideration of the parties' briefs, and for the reasons stated below, I DENY HOV's motion seeking dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**I. Background**

Plaintiff served on active duty in the United States Marine Corp. from September 1995 through September 1999, at which time his status became inactive ready reserve. On November 14, 2005, Plaintiff was hired by TrueLogic Financial Corporation ("TrueLogic"). While employed with TrueLogic as a Client Relationship Manager, Plaintiff was recalled to military service at two different times between May 2006 and July 2007. While Plaintiff was on his last authorized military leave, in approximately June of 2007, a portion of TrueLogic's assets were apparently purchased by Defendant Bay Area Credit Services, LLC ("BAC").

Plaintiff's complaint asserts that about that same time he contacted TrueLogic seeking to return to his employment. He was ultimately re-employed into his former position on August 15, 2007, pursuant to the requirements of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* (the "USERRA"). After returning to work, Plaintiff asserts that he was directed to report to two HOV executives.

In the Fall of 2007, Plaintiff initiated an adminstrative action to seek reinstatement of his senority, health and dental benefits, and salary increases, pursuant to the requirements of USERRA, against both HOV and BAC. Plaintiff asserts that after the conclusion of the adminstrative action, he was asked to relocate from the BAC office in Englewood, Colorado to a BAC office located in Atlanta, Georgia. Plaintiff declined and, as a result, he "was notified by HOV/BACS that his failure to accept mandatory relocation to Atlanta would result in [his] termination from employment." Plaintiff was terminated and, thereafter, filed this lawsuit asserting that Defendants' actions violated USERRA and Colorado law.

HOV now seeks dismissal of Plaintiff's claims against it – for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) – on the basis that USERRA only permits recovery against a plaintiff's employer. HOV contends that Defendant BAC employed Plaintiff, and that Plaintiff's claims against HOV are based solely upon his mistaken belief that HOV is the parent company of BAC.

## II. Standard of Review

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Teigen v. Renfrow,* 511 F.3d 1072, 1078 (10th Cir.

2007); *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). Thus, a complaint will survive dismissal if it alleges a plausible claim for relief – that is, if the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. Rather, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.,* 555 F.3d 1188, 1192 (10th Cir. 2009)(*citing Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)).

### III. Analysis

In this motion to dismiss, HOV maintains that Plaintiff has failed to assert that it was his employer – under the USERRA definition of "employer"– and thus Plaintiff cannot recover against it as a matter of law. Thus, HOV claims that Plaintiff has failed to state a USERRA claim against it and, as such, it should be dismissed from this case.

USERRA provides the following definition for an employer in 38 U.S.C. § 4303(4)(A):

[T]he term "employer" means any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities, including –

(I) a person, institution, organization, or other entity to whom the employer has delegated the performance of employment-related responsibilities;

. . .

(iv) any successor in interest to a person, institution, organization, or other entity referred to in this subparagraph;

In his complaint, Plaintiff identifies the defendants as: 1) HOV Services Inc., "also

3

known as HOV Services, LTD., or HOV Services, LLC [and] known collectively herein as 'HOVS'"; and 2) "HOVS's wholly-owned subsidiary BACS." Plaintiff further contends that after he returned to work in August 2007, he "was subsequently directed to report to Kane Polakoff and to Siddharth Sareen, both of whom are or were executives of Defendant HOVS in Troy, Michigan." He also asserts that six months later he "was notified by HOV/BACS that his failure to accept mandatory relocation to Atlanta would result in [his] termination from employment." As such, Plaintiff asserts in his complaint that "Defendants" violated USERRA by failing to, among other things, preserve his employment for the statutory period, provide any statutory justification for terminating his employment, and "offer skill retraining in order to preserve [his] employability by BACS/HOV in a suitable employment position."

HOV argues that these factual allegations are insufficient to establish that it was Plaintiff's employer. I disagree. Plaintiff's complaint alleges that HOV Services Inc. (which is also known as HOV Services, LTD or LLC) wholly-owns its subsidiary BACS. Plaintiff further asserts that his bosses were executives of HOV and that HOV/BACS notified him that he would be terminated for not relocating to Atlanta. In addition, Plaintiff alleges that HOV (as one of the Defendants) then violated USERRA acting or failing to act when making employment decisions related to Plaintiff. Such allegations and inferences therefrom, when assumed to be true, are sufficient to make it plausible that HOV either had control over Plaintiff's employment opportunities, in that it delegated the performance of employment-related responsibilities, or that it was a successor in interest to the entity that had control over Plaintiff's employment opportunities as defined by 38 U.S.C. § 4303(4)(A). I reject HOV's assertion that all Plaintiff alleged was that HOV was the corporate parent of BACS, who was Plaintiff's actual employer.

4

Again, as noted above, Plaintiff alleged that he reported to HOV executives, and that HOV notified him of that he would be terminated for failing to relocate, and that HOV (as one of the Defendants) violated USERRA via various acts and failures to act related to Plaintiff's employment. These factual allegations are sufficient to state a claim for relief that is plausible on its face in order for Plaintiff's complaint to withstand HOV's motion seeking dismissal pursuant to Fed. R. Civ. P. 12(b). *See Bell Atl. Corp. v. Twombly*, *supra*, 550 U.S. at 570; *see also Archuleta v. Wagner,* 523 F.3d 1278, 1283 (10th Cir. 2008)("[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations).

Finally, I note that both parties attempt to establish HOV's relationship with BACS and/or Plaintiff by reference to documents and additional evidence outside of the complaint. On a Fed. R. Civ. P. 12(b)(6) motion to dismiss, I am not to consider evidence or allegations outside of the four corners of the complaint. *Jackson v. Integra, Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). Because the evidence submitted by both parties does not clearly answer the question, and in light of the very early posture of this case, I decline HOV's request to convert this motion into a Fed. R. Civ. P. 56. motion for summary judgment. *See* Fed. R. Civ. P. 12(d)(if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment"); *Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005)(ruling that a court has discretion to convert the motion to one for summary judgment, after notice, when the parties submit evidence outside of the complaint).

5

ACCORDINGLY, for the reasons stated above, I DENY the Motion to Dismiss [**Doc # 7**] filed pursuant to Fed. R. Civ. P. 12(b)(6) by Defendant HOV Services, Inc. seeking dismissal of the claims asserted against it by Plaintiff, William G. Mitchell.

Dated:  May   20  , 2010, in Denver, Colorado.

                                       BY THE COURT:

                                         s/Lewis T. Babcock
                                       LEWIS T. BABCOCK, JUDGE